486 A.2d 460

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Roger BRANCH.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1984.

Filed Dec. 28, 1984.

Petition for Allowance of Appeal
Denied Aug. 13, 1985.

Ann C. Lebowitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Peter Rosalsky, Assistant Public Defender, Philadelphia, for appellee.

Before MONTEMURO, BECK and WATKINS, JJ.

WATKINS, Judge:

This is a Commonwealth appeal from the grant of a motion to dismiss pursuant to Pa.R.Crim.Pro. 1100(f) by the Philadelphia Court of Common Pleas. On appeal, the Commonwealth contends the trial court erred in granting appellee's pre-trial application to dismiss because of the Commonwealth's failure to bring him to trial within 180 days of the complaint's filing.

The complaint was filed and an arrest warrant was issued on May 12, 1980. The run date, therefore, was November 10, 1980. Appellee was not apprehended on the present charges of recklessly endangering another person and simple and aggravated assault until July 8, 1983. At a hearing held ten days later, defendant was held for court on all charges. On July 21, 1983, the Commonwealth petitioned to extend the time for trial under Pa.Rule Crim.Pro. 1100(c) based upon the premise that defendant's unavailability from the filing of the complaint until defendant's arrest was excludable time under Rule 1100, thereby automatically extending the time for trial until January, 1984. After hearing, the trial court denied the Commonwealth's request for an extension and granted appellee's application to dismiss.

The critical issue is whether the Commonwealth's application for an extension of time was filed prior to the expiration of the mandatory period of 180 days. See, *Common-*

*wealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. O'Shea,* 465 Pa. 491, 350 A.2d 872 (1976); *Commonwealth v. Woods,* 461 Pa. 255, 336 A.2d 273 (1975). This, in turn, depends upon whether the entire three year period between the filing of the complaint and appellee's arrest is excludable. The appellee argued and the lower court found the pre-arrest period involved two stages, one during which due diligence was exercised and one during which it was not. The latter stage being greater than 180 days, the motion to dismiss was granted. We are constrained to disagree.

Pa.Rule Crim.Pro. 1100(d) provides in part that "(i)n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: (1) the unavailability of the defendant..." The comment to the Rule suggests that a defendant is unavailable "for any period of time during which he could not be apprehended because his whereabouts were unknown and could not be determined by due diligence."

■ The Commonwealth has the burden of proving, by a preponderance of the evidence, that the police exercised due diligence in trying to locate the accused. *Commonwealth v. Dorsey,* 294 Pa.Superior Ct. 584, 440 A.2d 619 (1982); *Commonwealth v. Polsky,* 493 Pa. 402, 426 A.2d 610 (1981); *Commonwealth v. Mitchell,* 472 Pa. 553, 564 n. 5, 372 A.2d 826 (1977). The Commonwealth's evidence of diligence consisted solely of the testimony of the assigned detective, Sergeant Daniel Farley. Detective Farley testified he made approximately thirty separate attempts to arrest the defendant from May 13, 1980 until August of 1982, as well as bimonthly surveillances of defendant's neighborhood which he conducted for the next ten months. Defendant's family had filed an harrassment complaint with the police department claiming defendant did not live at the home address. Sergeant Farley contacted defendant's employer who told him the defendant had not picked up his last pay check. In addition, Sergeant Farley made various record checks which included entering defendant's name into the national crime

information computer on June 5, 1980, contacting the Bureau of Motor Vehicles in Harrisburg, checking with voter registration, and making a criminal record check through the police department records division. In August, 1982, Detective Farley was transferred to another division and the actual police search for defendant, actively conducted for more than two years, was apparently discontinued. Despite evidence of Sergeant Farley's continuous and thorough search for defendant during the twenty-seven months from May, 1980 until August, 1982, the lower court concluded:

> "In this case although the Commonwealth attempted to locate the defendant from May 12, 1980 to August of 1982, it failed to met its burden, because from August of 1982 until July of 1983 a period well in excess of 180 days, nothing was done to serve the warrant or locate the defendant. Therefore, the time between August of 1982 and July of 1983 cannot be excluded since the Commonwealth presented no evidence showing that the defendant's whereabouts were unknown and could not be determined during that period."

The critical issue presented by this appeal is whether the Commonwealth, in order to establish due diligence under Pa.Rule Crim.Pro. 1100, was required to show the police *continuously* and *actively* pursued defendant for the *entire* three years that defendant managed to avoid arrest. We hold Rule 1100 contains no such continuous search requirement.

■ When asked to decide whether the police have acted with due diligence, a court must engage in a balancing process, which may become quite awkward. *Commonwealth v. Winn*, 327 Pa.Superior Ct. 296, 475 A.2d 805 (1984). On the one hand, this determination must be based on a common sense approach to law enforcement which recognizes that the police department, not the court, is the best judge of how to deploy limited police personnel. *Commonwealth v. Dorsey*, 294 Pa.Superior Ct. 584, 440 A.2d 619 (1982); *Commonwealth v. Martofel*, 248 Pa.Superior Ct. 206, 209, 375 A.2d 60 (1977); In *Commonwealth v.*

*Mitchell*, 472 Pa. 553, 566, 372 A.2d 826, 832 (1977), the Supreme Court said:

> "It is not the function of our courts to second-guess the police methods used by the police to locate accused persons ... Deference must be afforded the police officer's judgment as to which avenues of approach will be fruitful."

■ The "due diligence" required of police does not demand perfect vigilance and punctilious care, but rather a reasonable effort. *Commonwealth v. Polsky*, 493 Pa. 402, 426 A.2d 610 (1981). *Commonwealth v. Mitchell*, supra. On the other hand, the interest of the accused in receiving a prompt trial is a precious interest which it is the court's responsibility to protect. *Commonwealth v. Winn*, supra.

■ The lower court, rather than focusing on the considerable police efforts made to locate the defendant from May, 1980 to August, 1982, incorrectly focused only on what was *not* done during the ten months from August, 1982 until defendant's July, 1983 arrest. The matter of availability and due diligence must be judged by what *was* done by the authorities rather than what was not done. (Emphasis in original) *Commonwealth v. Faison*, 324 Pa. Superior Ct. 406, 471 A.2d 902 (1984) *allocatur denied; Commonwealth v. Hinton*, 269 Pa.Superior Ct. 43, 409 A.2d 54 (1979).

■ In the instant case, Sergeant Farley had already diligently searched for defendant without success for more than two years, and the police did not *unreasonably* discontinue their active search for defendant when Sergeant Farley was transferred in August of 1982. The standard of due diligence demands only reasonable efforts. *Commonwealth v. Hinton*, supra. Police officers must make choices, devoting more attention to some crimes than to others, and foregoing some lines of inquiry that they would pursue if they had more resources. *Commonwealth v. Dorsey*, supra.

■ The testimony at the instant Rule 1100 hearing indicates the police made reasonable efforts to constitute due

diligence when considering the manpower and investigating means available to the police. In *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981), the Supreme Court, speaking through Justice Kauffman said:

Rule 1100 "serves two equally important functions: (1) the protection of the accused's speedy trial right, and (2) the protection of society." *Commonwealth v. Brocklehurst*, 491 Pa. 151, 153–154, 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (172)... The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

Order reversed and case remanded for trial. Jurisdiction is relinquished.

DECK, J., concurred in the result.