510 A.2d 1248

**COMMONWEALTH of Pennsylvania**

v.

**Donald FEIGHERY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 3, 1986.

Filed June 16, 1986.

2

Marilyn J. Gelb, Philadelphia, for appellant.

Leslie A. Sudock, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before OLSZEWSKI, HOFFMAN and ROBERTS, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for second degree murder, possession of an instrument of crime, and criminal conspiracy. Appellant contends that his statement to the police should have been suppressed because it was obtained in violation of the six-hour rule announced by our Supreme Court in *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977). We disagree and, accordingly, affirm the judgment of the court below.

On September 12, 1982, a warrant for appellant's arrest was issued in Philadelphia on charges of murder, robbery, possession of an instrument of crime, and criminal conspiracy. The Philadelphia police were unable to locate appellant until November 6, 1982, when authorities in Wilkes-Barre, Pennsylvania, notified them that they had taken

appellant into custody based on the Philadelphia warrant. Appellant was arrested by the Wilkes-Barre police at approximately 3:45 p.m. that day. After receiving this information, two Philadelphia detectives drove to Wilkes-Barre armed with the Philadelphia arrest warrant to arrest appellant and take him back to Philadelphia. The detectives arrived in Wilkes-Barre at 9:00 p.m. Appellant was brought before a Wilkes-Barre magistrate who informed appellant of the charges against him and set bail, which appellant failed to post. The Philadelphia detectives then drove appellant to Philadelphia; they arrived at 11:22 p.m. After waiving his *Miranda* [1] rights, appellant gave a statement to the Philadelphia police. He began his statement at 12:20 a.m., finished at 2:10 a.m., and was arraigned at 3:00 a.m.

Appellant contends that his statement should be suppressed because he was arraigned more than six hours after he was arrested by the Wilkes-Barre police. *See Commonwealth v. Davenport, supra* 471 Pa. at 286, 370 A.2d at 306. In *Davenport*, our Supreme Court held that any statement by the accused that is obtained after arrest and before arraignment is inadmissible if the accused was not arraigned within six hours of the arrest. *Id.* The Court adopted this rule to enforce the prompt arraignment requirement of Pa.R.Crim.P. 122 and 130.[2] Rule 122 provides:

**1.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**2.** The Court in *Davenport* noted that prompt arraignment insures that the accused is "promptly afforded the protections embodied in Pa.R. Crim.P. 140." *Commonwealth v. Davenport, supra* 471 Pa. at 283, 370 A.2d at 304. Rule 140 provides in relevant part:

(a) At the preliminary arraignment, the issuing authority shall not question the defendant respecting the offense charged, but shall forthwith deliver a copy of the complaint to him. The issuing authority shall also inform the defendant:

(1) of his right to secure counsel of his choice and his right to assigned counsel ...;

(2) of his right to have a preliminary hearing; and

(3) if the offense is bailable, of the amount of bail demanded and the types acceptable as provided in these rules.

Pa.R.Crim.P. 140 (as amended January 28, 1983).

When a defendant has been arrested in a court case, with a warrant, within the judicial district where the warrant of arrest was issued, the defendant shall be afforded a preliminary arraignment by the proper issuing authority *without unnecessary delay.*

Pa.R.Crim.P. 122 (as amended January 28, 1983) (emphasis added). Rule 130 provides:

(a) [W]hen a defendant has been arrested without a warrant in a court case, a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority *without unnecessary delay.*

Pa.R.Crim.P. 130(a) (as amended January 28, 1983) (emphasis added).

Here, appellant was arrested outside of Philadelphia, the judicial district where the warrant was issued. Thus, pretrial procedure in this case is governed by Pa.R.Crim.P. 123, which provides in relevant part:

(a) When a defendant has been arrested in a court case, with a warrant, outside the judicial district where the warrant of arrest was issued, the defendant shall be taken *without unnecessary delay* to the proper issuing authority in the judicial district of arrest for the purpose of posting bail, as permitted by law.

(b) Such issuing authority shall advise the defendant of the right to post bail. ...

\*　　\*　　\*　　\*　　\*　　\*

(d) When a defendant fails to post bail, the arresting person shall:

(1) return the defendant to the judicial district where the warrant was issued *without unnecessary delay*, for preliminary arraignment by the proper issuing authority, or

(2) lodge the defendant in a suitable place of detention in the judicial district of arrest, and forthwith notify the

proper issuing authority in the judicial district where the warrant was issued of the defendant's detention, and the place of such detention. Upon receipt of this notice, the issuing authority shall, *without unnecessary delay,* cause the defendant to be brought to the judicial district where the warrant was issued for preliminary arraignment by the proper issuing authority.

Pa.R.Crim.P. 123(a), (b), (d)(1), (d)(2) (emphasis added).

 The phrase "without unnecessary delay" in rules 122 and 130, *supra,* upon which the *Davenport* rule is grounded, also appears in Rule 123. *See* Pa.R.Crim.P. 123(a), (d)(1), (d)(2), *supra.* Therefore, the six-hour rule would apply to cases governed by Rule 123 as well. Because in such cases the defendant is arrested outside of the district that issued the arrest warrant and the rules require that arraignment take place in the warrant-issuing district, *see, e.g.,* Pa.R.Crim.P. 130(a), *supra,* however, we believe that the six-hour period within which the defendant must be arraigned begins to run once the authorities from the warrant-issuing district have custody of the defendant, and not from the moment the defendant is arrested as a fugitive in another district.[3]

Such an interpretation of the relationship between the *Davenport* six-hour rule and Rule 123 comports with the interest in assuring prompt arraignment while recognizing the practicalities involved in compliance with the requirement that arraignment take place within the warrant-issuing district. In *Davenport,* the defendant was arrested in the district where he was arraigned, and the Court concluded that a delay of up to six hours between arrest and

3. We note that the travel time between the district where the arrest occurs and the district where the arraignment is to take place may be excluded from the six-hour period under the "exigent circumstances" exception to the *Davenport* rule. *See Commonwealth v. Travaglia,* 502 Pa. 474, 467 A.2d 288 (1983) (travel time between counties must be accounted for if we are to require arraignment in county where jurisdiction for charged crime lies), *cert. denied,* 467 U.S. 1256, 104 S.Ct. 3547, 82 L.Ed.2d 850 (1984).

arraignment would be permissible under Rules 122 and 130. *Commonwealth v. Davenport, supra* 471 Pa. at 286, 370 A.2d at 306. Were we to require that a defendant be arraigned within six hours of arrest in cases in which the arrest is made outside of the district where the defendant will be arraigned, we would not be allowing any time for the arresting authorities to bring the defendant before a neutral authority for the purpose of posting bail, or to contact the issuing authorities and to arrange to have the defendant returned to the issuing district as required by Rule 123. The provisions of Rule 123, in fact, contemplate periods of more than six hours between arrest and arraignment. Subsection 123(d)(2), for example, permits the arresting authority to lodge the defendant until the issuing authority "cause[s] the defendant to be brought to the district where the warrant was issued." Pa.R.Crim.P. 123(d)(2).[4] Moreover, the requirement in Rule 123 that the defendant be brought before the issuing authority in the district of arrest "without unnecessary delay," for the purpose of posting bail, insures that the defendant will have been informed of the charges and the right to post bail by a neutral authority even if not formally arraigned within six hours.

Here, authorities in both Philadelphia and Wilkes-Barre complied with the provisions of Rule 123. Appellant was brought before a Wilkes-Barre magistrate as required under Rule 123(a). Because he did not post bail, he was returned to Philadelphia and was arraigned within six hours of the time he was taken into custody by the Philadelphia police. We conclude that appellant was arraigned without unnecessary delay. Hence, there was no *Davenport* violation and, accordingly, we affirm the judgment of the court below.

Affirmed.

---

**4.** Rule 123(e) places an upward limit of 48 hours between arrest and arraignment. Pa.R.Crim.P. 123(e).