524 A.2d 507

**COMMONWEALTH of Pennsylvania**

**v.**

**Roberto CRUZ, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 25, 1987.

Filed April 13, 1987.

284

Colie B. Chappelle, Philadelphia, for appellant.

Leonard Deutchman, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CIRILLO, President Judge, and TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

Appellant was found guilty of second degree murder, robbery, possessing an instrument of crime and conspiracy. He was sentenced to life imprisonment on the murder conviction with concurrent sentences imposed on the possessing an instrument of crime and conspiracy convictions.

The facts, as set forth by the lower court, indicate that on September 9, 1981, appellant and a co-conspirator robbed a milkman at riflepoint. Appellant shot the milkman in the chest resulting in his death. Appellant was interviewed by the police on that day at which time he asserted that the co-conspirator was the shooter and disavowed participation in the robbery. Appellant was released and subsequently fled the jurisdiction. Further investigation led the police to believe appellant was involved in the robbery, a warrant was issued for his arrest, and he was ultimately located in Florida in May of 1985. Appellant was returned to Philadelphia on June 14, 1985 where he was tried and convicted.

Appellant raises four issues for our review. Initially, he maintains that the case should have been dismissed because of a violation of Pa.R.Crim.P. 1100. This argument is grounded on the contention that the Commonwealth failed to present evidence to indicate when the appellant moved to Florida and since he could possibly have been located in Philadelphia, the "due diligence" test was not met.

We find no basis to support a finding that the court erred in failing to dismiss this case for a violation of Rule 1100. The Commonwealth had the burden of proving by a preponderance of the evidence that due diligence was employed in attempting to apprehend appellant. *Commonwealth v. Kaminski,* 349 Pa.Super. 78, 502 A.2d 1281 (1985); *Commonwealth v. Branch,* 337 Pa.Super. 22, 486 A.2d 460 (1984).

In determining whether the police acted with due diligence, a balancing process must be employed where the court, using a common sense approach, examines the activities of the police and balances this against the interest of the accused in receiving a fair trial. *Branch, supra; Com-*

*monwealth v. Winn,* 327 Pa.Super. 296, 475 A.2d 805 (1984).

■ The actions must be judged by what was done, not by what was not done. In addition, the efforts need only be reasonable and lack of due diligence should not be found simply because other options were available or in hindsight would have been more productive. *Kaminski, supra; Commonwealth v. Faison,* 324 Pa.Super. 406, 471 A.2d 902 (1984).

The testimony presented indicates that the police made various attempts to locate appellant in the Philadelphia area by visiting addresses they believed to be appellant's residence, those of relatives, his girlfriend and a local pool hall. (N.T. 11/21/85, pp. 37–45). The F.B.I. was contacted to assist in apprehending appellant and they undertook activities in Boston, Puerto Rico and Florida in an attempt to locate appellant. (N.T. 11/21/85, pp. 111–116). Appellant's name was entered into local and national crime computers and these were periodically checked; a wanted poster was also printed and distributed. (N.T. 11/22/85, pp. 150–152).

■ Viewing the actions of the police under the criteria set forth above, we find that the court acted properly in finding due diligence was demonstrated.

Next, appellant asserts that the in-court identification of appellant by three witnesses should have been suppressed because they had not seen him enough times prior to the incident to be able to positively identify him. He also claims the witnesses were incompetent to testify.

■ The issues raised here are not properly preserved for appeal because they were not raised in the court below. Appellant, in his motion to suppress, sought to show the identification was linked to an improper photo display. The court.ruled against this motion and found the witnesses had an independent basis for their identification. At no time did appellant set forth the issues he is presently attempting to raise and they must be considered waived. *Commonwealth v. Hernandez,* 339 Pa.Super. 32, 488 A.2d 293 (1985); *Com-*

*monwealth v. Isabell,* 503 Pa. 2, 467 A.2d 1287 (1983); *Commonwealth v. Robinson,* 494 Pa. 372, 431 A.2d 901 (1981).

The third issue before us is appellant's claim that his statement made on June 14, 1985 should have been suppressed because he was not arraigned within six hours of arrest. The crux of this argument is that the detectives who went to Florida arrived in the afternoon of June 13, 1985 but did not take appellant into custody and return to Philadelphia until the afternoon of June 14, 1985. Appellant sets forth his argument as follows:

> Because the Detectives could have gotten custody of appellant on June 13, 1985, their failure to do so constituted unnecessary delay in bringing Appellant to arraignment and did not rise to a level that could have been considered an "exigent" circumstance.

Brief of Appellant at 16.

■ We find this claim to be totally without merit. The trial court, at the suppression hearing, ruled that appellant was not arrested until 2:30 p.m. on June 14, 1985, when he arrived at the Philadelphia Airport, and was arraigned at 6:57 p.m., thus the six-hour rule of *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977) was not violated. The lower court, in its Opinion, noted that even if the appellant was considered arrested when he was taken into custody by the Philadelphia police, the delay caused by travel to Philadelphia would justify extension of the six-hour rule under the exigent circumstances exception. (Slip Op., Savitt, J., 4/16/86, pp. 4–5). The so-called *Davenport* rule was intended to protect the suspect under arrest, from machinations which may occur from prolonged detention before charges are filed, to thereby elicit by undue pressure, admissions which will establish probable cause. It was not meant to place a stranglehold on the orderly and reasonable procedures required to bring about an effective arraignment, when exigent circumstances such as those present here, make it impossible to have an arraignment within six hours. We think the trial court was correct in

288

determining that the travel time from Florida to Philadelphia must be excluded and thus there was no violation of the *Davenport* rule. *See Commonwealth v. Feighery,* 354 Pa.Super. 1, 510 A.2d 1248 (1986). The motion to suppress was, therefore, properly denied.

The final issue raised is that appellant was denied effective assistance of counsel based on a failure to request a pre-trial identification and the filing of a boilerplate post-verdict motion claiming the verdict was against the weight of the evidence.

In reviewing a claim of ineffectiveness of counsel, we must determine whether the underlying issue is of arguable merit. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Buehl,* 510 Pa. 363, 508 A.2d 1167 (1986). If the issue is found to be of arguable merit, we then proceed to determine whether the course of action chosen by counsel had some reasonable basis designed to effectuate the client's interest. *Maroney, supra; Buehl, supra; Commonwealth v. Clemmons,* 505 Pa. 356, 479 A.2d 955 (1984). In addition, appellant must establish that the ineffectiveness so prejudiced his case that he did not receive a fair trial. *Commonwealth v. Verdekal,* 351 Pa.Super. 412, 506 A.2d 415 (1986).

Appellant's initial allegation of ineffectiveness is based on the contention that a pre-trial lineup could have shown that the witnesses could not identify the appellant as the assailant, particularly after almost four years had elapsed. Under the standards noted above, we do not find this claim adequate to support a finding of ineffectiveness of counsel. We think the rationale set forth by this Court in *Commonwealth v. Moore,* 321 Pa.Super. 1, 467 A.2d 862 (1983) is applicable to the present case. As the court stated in *Moore:*

[C]ounsel had a reasonable basis for not requesting a pretrial lineup. First, there is no constitutional right to a lineup. *Commonwealth v. Evans,* 460 Pa. 313, 333 A.2d 743 (1975). More significantly, all three prosecution wit-

nesses knew appellant from the neighborhood and had observed him during the robberies. They could have, therefore, easily identified him at any lineup, thereby strengthening the Commonwealth's case. Accordingly, counsel might have been deemed ineffective had he requested a lineup.

*Moore, supra,* 321 Pa.Superior Ct. at 9, 467 A.2d at 866.

■ Here, all three of the witnesses knew defendant and recognized him as having been in their neighborhood before the murder and had ample opportunity to observe him during the crime from across the street. As in *Moore,* a lineup would have strengthened the Commonwealth's case.

■ The second claim of ineffectiveness must also fail for even though counsel did file boilerplate post-trial motions, the lower court addressed the issue of whether the verdict was against the weight of the evidence and concluded it was not. Our independant review of the record compels the same conclusion. Appellant's contention that the underlying issue was meritorious is unfounded and provides no basis for an ineffectiveness claim.

Having reviewed all of the issues raised by appellant and finding them to be without merit, judgment of sentence is affirmed.

Judgment of sentence affirmed.