**Commonwealth v. Aikey**

C.P. of Centre County, no. CP-14-CR-1427-2008.

*Mark S. Smith,* for Commonwealth.
*Karen G. Muir,* for defendant.

GRINE, *P.J.,* January 20, 2009—Presently before the court is a motion to dismiss pursuant to Rule 1100 of the Rules of Criminal Procedure filed by counsel for defendant Branden M. Aikey. Defendant asserts law enforcement officials violated the 365-day time period in Rule of Criminal Procedure 600[1] by serving defendant with an arrest warrant almost two years after filing a criminal complaint against him. A hearing on this motion was held on November 20, 2008. At the conclusion of the hearing, the court ordered both parties to submit findings of fact and conclusions of law. Both parties did so in a timely manner. After careful consideration, the court now renders its decision.

## DISCUSSION

Defendant, who is currently out on bond, claims law enforcement officials did not reasonably attempt to locate and serve the arrest warrant within the period prescribed in Rule 600. On May 15, 2006, Detective Richard L. Saupp of the Patton Township Police Department filed a criminal complaint against defendant for the Class 1 misdemeanors of theft by deception, 18 Pa.C.S. §3922(a)(1), bad checks, 18 Pa.C.S.§4105(a)(1), and receiving stolen property, 18 Pa.C.S. §3925(a). Police issued a warrant for defendant's arrest on May 19, 2006; however, defendant was not arrested and arraigned until July 29, 2008.

---

1. Defendant's counsel asserts Rule of Criminal Procedure 1100; however, this rule is now known as Rule 600.

Rule 600 of the Pennsylvania Rules of Criminal Procedure mandates that "when the defendant is at liberty on bail, [trial on the complaint] shall commence no later than 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(3). However, the rule does provide several exclusions. Pa.R.Crim.P. 600(C). One such exclusion tolls the 365-day period if, during the period of time between filing of the written complaint and the defendant's arrest, "the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence." Pa.R.Crim.P. 600(C)(1). The Pennsylvania Supreme Court defines due diligence as "not [a] demand for perfect vigilance and punctilious care, but rather a reasonable effort." *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977). When evaluating reasonable effort, the court should not apply hindsight but, instead, balance activities of the police against the interest of the accused in receiving a fair trial. *Commonwealth v. Branch,* 337 Pa. Super. 22, 486 A.2d 460 (1984). See also, *Commonwealth v. Faison,* 324 Pa. Super. 406, 471 A.2d 902 (1984).

Testimony reveals police attempted several good faith efforts to the arrest warrant against defendant. Detective Saupp mailed a letter to the address listed on defendant's driver's license. This letter was returned, stamped: "attempted not know." (Transcript 11/20/08, pp. 5 and 13.) Police then sent another letter addressed to defendant's father. This attempt also proved unsuccessful. Officer Justin Sutherland of the Patton Township Police Department then attempted to serve defendant in person by reporting to the address listed on defendant's check.

After arriving at the address, the officer was unable to locate defendant but did ask neighbors to contact him once defendant returned. Visits to defendant's place of employment were similarly unsuccessful. Officer Sutherland also attempted to contact defendant by phone but did not receive an answer. (*Id.* at pp. 9-11.)

In addition to mailing letters, calling the defendant, and visiting locations of his known whereabouts, police registered the arrest warrant with the CLEAN (Commonwealth Law Enforcement Assistance Network) and NCIC (National Crime Information Center) computer systems. These systems alert law enforcement agencies across the nation to the issuance of an arrest warrant. When a defendant's name is entered into the system, the officer becomes immediately aware of outstanding warrants for their arrest. (*Id.* at pp. 5, 7, 8.) However, because defendant did not have the type of contact with police necessary to initiate a search of these databases, an arrest was not triggered. (*Id.* at p. 11.)

Testimony reveals defendant lived a transient lifestyle during the period after the criminal complaint was filed against him, which frustrated police attempts at service. In the last two years, defendant admits to living at four different locations in State College and Bellefonte. However, only the first of these addresses appears on his license. (*Id.* at pp. 15-21.) If defendant worried his right to a fair trial or prompt service was in jeopardy, he could have easily updated his address with PennDOT; an act required by all drivers licensed in Pennsylvania.

In addition, there is evidence defendant was aware criminal charges could be filed against him. Officer

Sutherland testified that, shortly before filing the criminal complaint, he spoke with defendant on the phone. During this conversation, Officer Sutherland alerted defendant to the possibility of criminal charges if defendant failed to pay restitution to the victim. (*Id.* at p. 4.) This testimony is somewhat contradicted by defendant who testified that, although he was unsure about when he had contact with the police, he was sure he never spoke with police about "making good" on bad checks. (*Id.* at p. 22.) Even if the officer was mistaken, defendant admits to knowing the checks were bad. It is reasonable to infer that if one writes bad checks, criminal charges may follow. Defendant, aware of this possibility, may have purposely made his whereabouts difficult to discover to frustrate execution of his arrest.

Based on the testimony presented, police diligently exercised reasonable effort to execute the arrest warrant against defendant. Police entered information into a national database, mailed letters, phoned defendant, attempted personal service, and appeared at defendant's registered address and place of employment. These methods sufficiently demonstrate reasonable effort to determine defendant's whereabouts and are sufficient to toll the period for trial prescribed by Rule 600. Therefore, defendant's motion to dismiss is denied.

## ORDER

And now, January 20, 2009, the following is ordered:

(1) Defendant's motion to dismiss pursuant to Rule 1100 of the Rules of Criminal Procedure is denied.