J-S03023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ENRICO THEODOSIUS RHODES | |
| Appellant | No. 849 WDA 2016 |

Appeal from the Judgment of Sentence dated May 13, 2016
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000567-2015

BEFORE:  OLSON, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED APRIL 13, 2017**

Appellant, Enrico Theodosius Rhodes, appeals from the judgment of sentence of 27-96 months' confinement imposed after a jury convicted him of theft by unlawful taking, simple assault, harassment, and conspiracy charges related to each of those three counts.[1]  We affirm.

On August 26, 2014, Appellant assaulted and stole from Gary Butch, owner of Butch's Salvage, in Findley Township, Mercer County.  The trial court found:

> The Criminal Complaint in this matter was filed on December 3, 2014.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3921(a), 2701(a)(2), 2709(a)(1), and 903, respectively.

The Complaint was filed by Trooper Bogan of the Pennsylvania State Police, and a warrant was issued simultaneous with the filing of the Complaint.

The Trooper had an Ohio address for [Appellant] based on a driver's license.[2]

The Trooper contacted the Pennsylvania State Trooper detailed to the United States Marshal's Office and provided the information he had regarding the defendant's location.

The Pennsylvania State Police do not have the authority to arrest in the State of Ohio.

Trooper Bogan remained in contact with the trooper assigned to said Task Force.

[Appellant] was arrested on March 11, 2015.

The preliminary hearing in this matter was continued from March 18, 2015, to April 1, 2015, at [Appellant's] counsel's request. That constitutes 15 days.

The period of time between the filing of the Complaint and [Appellant]'s arrest is 98 days. . . .

The omnibus hearing was continued on [Appellant]'s motion from July 27, 2015, to August 5, 2015, for a period of nine days.

Findings of Fact, 3/15/16, at 1-2 ¶¶ 1-9, 11; **see also** N.T., 3/15/16, at 5-7; Trial Ct. Op., 6/24/16, at 1-3.

On March 14, 2016, Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600(D), contending that, since Pa.R.Crim.P. 600(A)(2)(a)

_____

[2] The driver's license stated that Appellant lived in Youngstown, Ohio; Trooper Bogan testified that he did not contact the Youngstown Police and ask them to check that particular address, even though it was within his authority to do so. N.T., 3/15/16, at 7.

"requires a trial to be held within 365 days of the filing of the Criminal Complaint," Appellant's trial should have been held by December 3, 2015.[3] On March 15, 2016, following a hearing, the trial court denied the motion.

On March 18, 2016, Appellant was convicted of the charges enumerated above, and, on May 13, 2016, Appellant was sentenced. On June 10, 2016, Appellant filed this timely direct appeal in which he presents a single issue for our review:

> Whether the trial court abused its discretion in finding the Commonwealth used due diligence in attempting to locate [Appellant] between the filing of the Complaint and the time of arrest?

Appellant's Brief at 4. Appellant contends that the lack of due diligence in arresting him resulted in a violation of Rule 400 by causing a delay of more than 365 days between the filing of the complaint and his trial. He states: "At issue is one time period[, t]he period between the filing of the Complaint on December 3, 2014 and the date of arrest of [A]ppellant on March 11,

_____

[3] Rule 600(A)(2)(a) states: "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Rule 600(D)(1) provides:

> When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

2015." *Id.* at 5.[4] Appellant complains of a "complete lack of evidence of any law enforcement activity in trying to apprehend or arrest the [A]ppellant." *Id.* at 6.

"In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." *Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa. Super. 2004) (*en banc*) (quoting *Commonwealth v. Hill*, 736 A.2d 578, 581 (Pa. 1999)), *appeal denied*, 875 A.2d 1073 (Pa. 2005).

The total number of calendar days that elapsed from the filing of the criminal complaint on December 3, 2014, to the commencement of Appellant's trial on March 15, 2016, was 468 days[5] -- which is greater than the 365 days allotted by Pa.R.Crim.P. 600(A)(2)(a). Appellant concurs with the trial court that 24 days should be deducted for his requested

---

[4] Appellant therefore does not dispute that the following time periods were properly excluded in calculating the elapsed time:

> [T]he period of time from the date the preliminary hearing was scheduled, March 18, 2015, to the date it was rescheduled at [Appellant]'s request, April 1, 2015, a period of 15 days; and the time when [Appellant]'s omnibus motion hearing was originally scheduled, July 27, 2015, to the date it was continued at [Appellant]'s request, August 5, 2015, a period of nine (9) days.

Trial Ct. Op., 6/24/16, at 3.

[5] Time is "computed as to exclude the first and include the last day of such period." 1 Pa.C.S. § 1908.

continuances.  Appellant's Brief at 5; Trial Ct. Op., 6/24/16, at 4.  However,

certain additional periods also may be excluded from the calculation:

> For purposes of paragraph (A) [of Pa.R.Crim.P. 600], periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise **due diligence** shall be included in the computation of the time within which trial must commence.  **Any other periods of delay shall be excluded from the computation.** . . .
>
> > *Comment:* . . . For purposes of determining the time within which trial must be commenced pursuant to paragraph (A), [the above] paragraph (C)(1) makes it clear that **any delay** in the commencement of trial **that is not attributable to the Commonwealth** when the Commonwealth has exercised due diligence **must be excluded** from the computation of time.

Pa.R.Crim.P.  600(C)(1) & cmt. (emphasis added).  Thus, the inquiry for a

court in determining whether there is a violation of the time periods in

Pa.R.Crim.P.  600(A) is whether the delay is caused solely by the

Commonwealth when the Commonwealth has failed to exercise due

diligence.  ***See, e.g., Commonwealth v. Matis***, 710 A.2d 12, 16 (Pa.

1998).  "A court must account for any 'excludable time' and 'excusable

delay.'  Excludable time is delay that is attributable to the defendant or his

counsel.  Excusable delay is delay that occurs as a result of circumstances

beyond the Commonwealth's control and despite its due diligence."

***Commonwealth v. Goldman***, 70 A.3d 874, 879 (Pa. Super. 2013)

(citations omitted), ***appeal denied***, 85 A.3d 482 (Pa. 2014).

With regard to the time between the filing of the complaint and the

defendant's arrest, this Court has explained:

> In determining whether the police acted with due diligence, a balancing process must be employed where the court, using a common sense approach, examines the activities of the police and balances this against the interest of the accused in receiving a fair trial. ***Commonwealth v. Cruz***, 362 Pa.Super. 282, 524 A.2d 507, 509 (1987), *citing,* ***Commonwealth v. Branch***, 337 Pa.Super. 22, 486 A.2d 460 (1984). The actions must be judged by what was done, not by what was not done. In addition, the efforts need only be reasonable; lack of due diligence should not be found simply because other options were available or, in hindsight, would have been more productive.

***Commonwealth v. Ingram***, 591 A.2d 734, 737 (Pa. Super. 1991), ***appeal denied***, 606 A.2d 901 (Pa. 1992).

In the current action, the only information that Trooper Bogan had regarding Appellant's location at the time the complaint was filed was that Appellant resided near Youngstown, Ohio. Trooper Bogan provided this information to the United States Marshal's Office and asked that Office to assist him in apprehending Appellant. Findings of Fact, 3/15/16, at 2 ¶ 4; N.T., 3/15/16, at 7. Trooper Bogan remained in contact with the U.S. Marshal's Office until Appellant was arrested on March 11, 2015. Findings of Fact, 3/15/16, at 2 ¶¶ 6-7; N.T., 3/15/16, at 8. The trial court concluded, "While there may have been other things Trooper Bogan could have done, his efforts were reasonable." Trial Ct. Op., 6/24/16, at 4-5. We agree.

As explained above, the Commonwealth need only engage in reasonable efforts; we cannot find a lack of due diligence "simply because other options were available or, in hindsight, would have been more productive." ***Ingram***, 591 A.2d at 737. Thus, even if, as Appellant

- 6 -

contends, law enforcement possibly could have done more to apprehend or arrest Appellant, *see* Appellant's Brief at 6, 8,[6] the Commonwealth and its entities need not demonstrate that they utilized all available options. ***See Ingram***, 591 A.2d at 737.

We have carefully reviewed the record, and we conclude that it supports the trial court's findings of fact that the Commonwealth's actions, viewed in the requisite manner, were reasonable and establish due diligence. Further, we agree with the trial court that the period of time during which the Commonwealth attempted to apprehend Appellant was properly omitted from the computation of time for the purpose of calculating the time by which Appellant's trial should have commenced. Pa.R.Crim.P. 600(A)(2)(a), (C)(1). From the date that Trooper Bogan filed the written complaint (December 3, 2014) to the date of Appellant's arrest (March 11, 2015), 98 days elapsed. When these days and the agreed-upon days resulting from Appellant's requested continuances are excluded from the total calendar days between the complaint and the commencement of trial, the net elapsed time is 346 days, which is less than the maximum of 365 days permitted by Pa.R.Crim.P. 600(A)(2)(a).

_____

[6] Appellant suggests that Trooper Bogan could have made more of an "effort to arrest Appellant" and could have contacted the authorities in the Youngstown, Ohio, area (the city listed on Appellant's driver's license as his residence). Appellant's Brief at 8 (citing N.T., 3/15/16, 5-7).

Accordingly, having discerned no abuse of discretion, we hold that the trial court properly denied Appellant's motion to dismiss pursuant to Pa.R.Crim.P. 600(D), and affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017