Commonwealth *v.* Crowder, Appellant.

Submitted April 19, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

490

*Fred I. Noch,* Public Defender, for appellant.

*Grant E. Wesner,* Assistant District Attorney, and *Robert L. Van Hoove,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, October 12, 1971:

Following the fatal shooting of Dennis C. Evans on a public street in the City of Reading, Thomas Andrea Crowder was arrested and indicted for murder. At trial, the accused pled self-defense. The jury returned a verdict of guilty of voluntary manslaughter. From the judgment of sentence imposed by the court following the denial of a new trial, Crowder filed this appeal.

The sufficiency of the evidence to sustain the conviction is not questioned, but it is urged that certain errors occurred at trial which violated constitutional due process and a new trial should be ordered. We have studied each asserted assignment of error in connection with the trial record and find nothing of such consequence to warrant disturbing the judgment entered below. We will, therefore, affirm. Our discussion here, however, will be limited to what may be described as the major assignments of error.

Appellant contends that the procedure employed by the trial court in calling jurors for examination on voir dire denied him the same opportunity as that afforded the Commonwealth of selecting a fair and impartial jury. The facts in connection with this are these.

After the entire panel of jurors summoned for service at the particular session of court was assembled in the "jury selection room", the names of thirty-five

thereof were drawn by lot and these jurors were immediately sent to the courtroom where Crowder's case was to be called for trial. A list of the names of these jurors in the order drawn was then supplied to counsel and each juror was called for voir dire examination in the same order as previously drawn. Crowder's counsel objected because this permitted the attorneys to "know in advance exactly which jurors are coming up next" and permitted them "to sit back and wait for a juror to come up." The gravamen of this complaint, as stated in appellant's brief, is that because of Crowder's indigency this procedure allowed the Commonwealth "with all the resources . . . at its disposal to investigate in order the jurors on the list."

We fail to discern how the procedure complained of gave the Commonwealth any unfair advantage. Moreover, it is not asserted that it resulted in an unfair jury being impanelled and there is nothing in the record to warrant such a conclusion. Under the circumstances, this assignment of error is devoid of merit.

The Constitution of Pennsylvania, Art. I, §6, guarantees that "[t]rial by jury shall be as heretofore, and the right thereof remain inviolate." This does not "import rigidity of regulation in the manner of impanelling a jury," *Commonwealth v. Fugmann*, 330 Pa. 4, 28-29, 198 A. 99, 111 (1938). See also *Commonwealth v. Eckhart*, 430 Pa. 311, 242 A. 2d 271 (1968). The voir dire examination is merely a means to the end of achieving an impartial jury. And if the procedure utilized in effecting this examination does not substantially impair the defendant's right to a fair and impartial jury, his rights are not violated. No such impairment occurred here.

In the selection of the first twelve members of the jury, Crowder exercised only five peremptory challenges of the twenty permitted. During the selection of the

alternate jurors, his counsel insisted that he was entitled to exercise the fifteen not yet used, plus one. The court ruled otherwise. The controlling statute, the Act of May 1, 1935, P. L. 127, §1, 17 P.S. 1153, provides that "[w]here the court allows two alternate jurors in accordance with this act, each side shall have one additional peremptory challenge in the selection of said two alternative jurors."* This does not mean that the challenges available during the selection of the first twelve jurors which are not exercised remain viable during the selection of the alternate jurors. Also, the fact that in the trial of other cases, the court involved permitted more peremptory challenges in the selection of alternate jurors than specified by the Act of 1935, supra (an assertion by appellant which is not supported by the record) did not vest Crowder with any such right.

Within twenty minutes after the shooting involved, Crowder was taken into police custody and a revolver was found concealed on his person. Upon being taken to police headquarters, he admitted ownership of the gun. After a "Jackson-Denno" hearing conducted in the absence of the jury, the trial court found that this admission was made voluntarily, and after Crowder had been warned and was aware of his constitutional rights, as required by *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602 (1966). It is now contended that the warnings given were inadequate and that, even if this is not so, the evidence does not support the court's finding that Crowder understood his rights. After reading the record, we disagree.

Judgment affirmed.

Mr. Justice Roberts concurs in the result.

---

* Rule 1108 of the Pennsylvania Rules of Criminal Procedure was not involved in the disposition of this case, since trial occurred before the effective date of said Rule.