429 A.2d 695

COMMONWEALTH of Pennsylvania,

v.

Percy CLARK a/k/a Percy Jones, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 10, 1980.

Filed May 8, 1981.

C. Van Youngman, Philadelphia, for appellant.

Allan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in disallowing evidence of prison conditions to establish a defense to the charge of escape. We disagree and, accordingly, affirm the judgment of sentence.

On May 29, 1978, seven inmates, including appellant, used hooks and ropes to climb through a skylight and over a wall and escape from Holmesburg Prison in Northeast Philadelphia. Later that evening appellant and his fellow escapees robbed three men of approximately $1,000 at a tire store several blocks from the prison. The seven then fled the scene in a van which belonged to one of the robbery victims. On the morning of May 31, 1978, police found and arrested

appellant and four of the other escapees in a house in South Philadelphia, thirteen to fourteen miles from the prison. Appellant was subsequently tried jointly with five of his fellow escapees and convicted by a jury of escape, conspiracy to escape, and robbery.[1] Following denial of post-verdict motions, the lower court sentenced appellant to concurrent prison terms of two-and-one-half years to seven years for each conviction. This appeal followed.

At trial appellant and his co-defendants joined in an effort to present evidence of intolerable conditions at Holmesburg Prison, including inadequate medical care and unsanitary facilities, for the purpose of establishing the defenses of duress and/or justification to the charges of escape. The lower court ruled evidence of such general prison conditions inadmissible and limited any such exculpatory evidence to proof of immediate threats to the lives or personal safety of appellant and his co-defendants had they remained in the prison. Appellant challenges the correctness of this ruling.

Our Crimes Code defines the defense of "duress" as follows:

It is a defense that the actor engaged in the conduct charged to constitute an offense because he was coerced to do so by the use of, or a threat to use, unlawful force against his person or the person of another, which a person of reasonable firmness in his situation would have been unable to resist.

18 Pa.C.S.A. § 309(a). Additionally, the Crimes Code, in relevant part, defines the defense of "justification generally" as follows:

Conduct which the actor believes to be necessary to avoid a harm or evil to himself or to another is justifiable if:

(1) the harm or evil sought to be avoided by such conduct is greater than that sought to be prevented by the law defining the offense charged. . . .

---

1. The seventh member of the group pleaded guilty to charges arising out of the incident.

18 Pa.C.S.A. § 503(a)(1). The defense of justification is often referred to as "necessity." As the Commonwealth has pertinently observed,

> [h]istorically, duress excused criminal conduct which was committed under an unlawful threat of imminent death or serious bodily injury where the coercion had its source in the actions of others, while the defense of necessity (choice of evils) traditionally covered physical forces beyond the actor's control rendering the illegal conduct the lesser of two evils.

Brief for the Commonwealth at 6. *See also United States v. Bailey*, 444 U.S. 394, 410, 100 S.Ct. 624, 634, 62 L.Ed.2d 575 (1980). "Modern cases have tended to blur the distinction between duress and necessity." *United States v. Bailey, supra* at 410, 100 S.Ct. at 634. Indeed, appellant and his co-defendants all sought to present similar evidence of deplorable prison conditions to establish both defenses. Regardless of which defense appellant intended to invoke, however, it is clear that the lower court's ruling excluding the proffered evidence was correct. In *Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166 (1979) (allocatur granted), this Court affirmed the exclusion of similar evidence and stated that "[m]ere prison conditions, even those arising from physical abuse, will not constitute a defense to an escape charge; instead, a prisoner's proper avenue of redress is through administrative or judicial channels." *Id.*, 265 Pa.Super. at 204, 401 A.2d at 1171. Accordingly, the Court "restrict[ed] the defense [of duress] to all but the most extreme situations," *id.*, 265 Pa.Super. at 205, 401 A.2d at 1172, such as where

> a prisoner [is] confronted with a choice between accompanying an escaping cell mate, or being seriously injured if he [chooses] to remain behind.... In such a case, the usual sources of aid [*i. e.*, resort to prison officials or to the courts via habeas corpus or the Federal Civil Rights Act] would not be immediately available, and confronted with the choice between serious injury or escape, the defendant

would properly be excused for choosing the latter course of action.

*Id.,* 265 Pa.Super. at 205–06, 401 A.2d at 1172–73.[2]

In the present case neither appellant nor any of his co-defendants made any attempt to present the type of evidence which would be admissible under *Stanley* to establish a defense to the charge of escape; rather, appellant and his co-defendants offered to prove only that general prison conditions were intolerable.[3]  Moreover, even if appellant had offered evidence tending to excuse or justify his conduct in leaving the prison on May 29, appellant's conduct *after* leaving prison would preclude him from asserting the defenses of duress and/or necessity.  In *Commonwealth v. Stanley, supra,* this Court emphasized that the defense of duress is available only if a defendant "return[s] to official detention as expeditiously as possible after absenting himself from the danger that initially prompted his escape." 265 Pa.Super. at 206, 401 A.2d at 1173.  The United States Supreme Court stated a similar requirement in construing the federal escape statute [4] in *United States v. Bailey, supra.*

**2.** The Court did not expressly consider whether justification generally (necessity) is available as a defense to a charge of escape.  The clear implication of the Court's decision, however, is that the defense of justification or necessity, if available at all, cannot be invoked solely on the basis of generally oppressive prison conditions.

**3.** We hasten to add that we do not mean to minimize the gravity of the problem of substandard prison conditions.  Such conditions have been the subject of considerable judicial scrutiny in *civil* suits across the country.  *See, e. g.,* cases cited in Frug, *The Judicial Power of the Purse,* 126 U.Pa.L.Rev. 715, 718–19 nn. 16 & 17 (1978).  Indeed, we recognize that conditions at Holmesburg Prison were declared in 1971 to constitute cruel and unusual punishment and have been the subject of continuing *civil* proceedings since that time.  *See Commonwealth ex rel. Bryant v. Hendrick,* 444 Pa. 83, 280 A.2d 110 (1971); *Jackson v. Hendrick,* 457 Pa. 405, 321 A.2d 603 (1974), *on remand,* 20 Crim.L.Rep. 2281 (C.P.Phila.1976); 22 Crim.L.Rep. 2356 (C.P.Phila.1977); No. 2437 February Term, 1971 (C.P.Phila., filed March 17, 1981).  Despite this judicial recognition of the severity of conditions at Holmesburg Prison, however, the law remains clear that such general conditions cannot serve as a defense in *criminal* proceedings for escape.

**4.** 18 U.S.C. § 751(a).

There, the Court held that

> where a criminal defendant is charged with escape and claims that he is entitled to an instruction on the theory of duress or necessity, he must proffer evidence of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force.

444 U.S. at 415, 100 S.Ct. at 637. The Court, moreover, characterized the presentation of evidence of general prison conditions without evidence of an effort to surrender as "wasting valuable trial resources." *Id.* at 415, 100 S.Ct. at 637. Here, appellant's offer of proof failed to contain any suggestion that he attempted or intended to surrender to authorities after escaping the prison.[5] To the contrary, the facts that appellant robbed three victims of money and a vehicle shortly after escaping and was later found at a house some distance from the prison strongly suggest that appellant's intention in escaping was to *avoid* official detention indefinitely, rather than simply save himself from an immediate threat to his life or personal safety. *See, e. g., Walker v. State*, Ind., 381 N.E.2d 88, 89 (1978) (fact that defendant kidnapped prison warden and his family in the course of escape "is good evidence that Defendant did not intend to surrender himself following the escape"); *State v. Cross*, 58 Ohio St.2d 482, 488, 391 N.E.2d 319, 323 (1979) (defendant's flight to Mexico suggested that he "purposely escaped to flee the system and for no other reason"). Consequently, we hold that because generally adverse prison conditions do not constitute a defense to a charge of escape and because appellant did not offer to prove an effort or intention to surrender to authorities after his escape, the lower court

5. Appellant states in his brief that "he did not have sufficient time to appropriately give himself up because it was a Memorial Day weekend and no attorney was available." Brief for Appellant at 10. Having never offered at trial this explanation of his conduct, appellant may not now offer it in support of his contention. *Commonwealth v. Cohen*, 270 Pa.Super. 90, 410 A.2d 1264 (1979).

properly refused appellant's proffered evidence of conditions at Holmesburg Prison.[6]

Judgment of sentence affirmed.

6. Appellant contends additionally that he is entitled to arrest of judgment and dismissal of *all* charges because the only identification evidence linking him to the robbery was impermissibly tainted. Clearly, the admissibility of evidence relating to the robbery has no bearing on the charges of escape and conspiracy to escape. Moreover, as to the robbery charge, the issue is not preserved for our review because appellant failed before trial to seek suppression of the out-of-court identifications which he now challenges. *Commonwealth v. Evans*, 267 Pa.Super. 59, 61, 405 A.2d 1302, 1303 (1979); *Commonwealth v. Throckmorton*, 241 Pa.Super. 62, 66, 359 A.2d 444, 446 (1976).