443 A.2d 336

**COMMONWEALTH of Pennsylvania**

v.

**Thomas SLAVIK, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 27, 1982.

Filed March 19, 1982.

Anne L. Wall, Assistant Public Defender, Williamsport, for appellant.

Kenneth D. Brown, District Attorney, Williamsport, for Commonwealth.

Before WIEAND, CIRILLO and POPOVICH, JJ.

WIEAND, Judge:

Is it a defense to the crime of escape that a prisoner was beaten and threatened by another inmate where the prisoner made no complaint to prison authorities and where, following escape, he remained at large for more than five months without making any effort to surrender or return to custody? The trial court held that under such circumstances neither duress nor necessity was a defense, refused to permit testimony of the beatings and threats, and found Thomas Slavik guilty of escape. We agree and affirm the judgment of sentence.

Appellant had been sentenced on October 16, 1970, following a conviction for murder, and was serving a sentence of confinement at the State Correctional Institution at Muncy. On August 5, 1979, he escaped from custody. He remained at large until January 15, 1980, when he was apprehended in Phoenix, Arizona.

He was returned to Pennsylvania, where he waived trial by jury and was tried non-jury on an information charging escape.[1] At trial, his counsel offered to prove that a fellow prisoner had beaten appellant twice and had threatened to kill him a week before his escape. Although given full opportunity to place on the record a complete offer of proof, appellant's counsel did not offer to show that appellant had ever complained, formally or informally, to prison authorities concerning such matters. Similarly, there was no offer to show that appellant, while at large, had made any attempt to surrender or return to custody. Rather, when arrested in Phoenix for a traffic violation, he was found to have leased an apartment in Scotsdale, Arizona. He told police that he had been planning his escape for two weeks before taking leave of the prison at Muncy.

1. Section 5121(a) of the Crimes Code, 18 Pa.C.S. § 5121(a) provides as follows: "A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period."

In *Commonwealth v. Stanley*, 265 Pa.Superior Ct. 194, 401 A.2d 1166 (1979) the Superior Court held: "Mere prison conditions, even those arising from physical abuse, will not constitute a defense to an escape charge; instead, a prisoner's proper avenue of redress is through administrative or judicial channels." 265 Pa.Superior Ct. at 204, 401 A.2d at 1171.[2] Although one member of the Court dissented from this statement, the Court was unanimous when it held that neither duress nor necessity would be a defense to escape unless the prisoner reported to the proper authorities and offered to return to detention immediately upon attaining a position of safety from the condition or threat which initially had prompted his escape. Where evidence of prompt surrender was not included in the offer of proof, the Court agreed, it was not error to refuse to receive evidence of prison conditions.[3]

The Supreme Court of the United States considered a similar issue and, in the context of interpreting the federal crime of escape under 18 U.S.C. § 751(a), held, in *United States v. Bailey*, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980), that "in order to be entitled to an instruction on duress or necessity as a defense to the crime charged, an escapee must first offer evidence justifying his continued absence from custody as well as his initial departure and that an indispensable element of such an offer is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force." Id. 444 U.S. at 412–413, 100 S.Ct. at 635, 62 L.Ed.2d at 592.

These decisions establish unequivocally that in the instant case the evidentiary ruling of the trial judge was correct.

The judgment of sentence is affirmed.

**2.** See also: Toll, *Pennsylvania Crimes Code Annotated*, p. 606, Escape § 5121(c); *State v. Dyer*, Me., 371 A.2d 1086, 1090–91 (1977).

**3.** See also: *People v. Lovercamp*, 43 Cal.App.3d 823, 118 Cal.Rptr. 110 (1974); *Johnson v. State*, Del., 379 A.2d 1129 (1977).