597 A.2d 1164

COMMONWEALTH of Pennsylvania

v.

William BROTHERS, Appellant.

Superior Court of Pennsylvania.

Submitted July 22, 1991.

Filed Sept. 27, 1991.

Harry O. Falls, New Castle, for appellant.

William M. Panella, Dist. Atty., New Castle, for the Com., appellee.

Before ROWLEY, President Judge, and BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from a judgment of sentence for escape. Appellant poses the following three questions:

(1) SHOULD THE JURY PANEL HAVE BEEN LIMITED TO PERSONS INCLUDED ON THE JURY LIST?

(2) WAS EVIDENCE IMPROPERLY EXCLUDED?

(3) WAS THE JURY PROPERLY CHARGED?

Appellant's Brief at 3. For the reasons that follow, we affirm the judgment of sentence.

On August 25, 1989, appellant was found guilty by a jury of escape from the Lawrence County Jail.[1] Timely post-trial motions were filed and denied. Appellant was sentenced to incarceration for thirty-six-to-eighty-four months.[2] This timely appeal followed.

## I.

Appellant first contends that several jurors' names were added to the jury array list only a few days before trial, in violation of 42 Pa.C.S.A. § 4524. Section 4524 provides in relevant part: "[a] separate list of names and addresses of persons assigned to each jury array shall be prepared and made available for public inspection at the offices of the commission no later than 30 days prior to the first date on which the array is to serve." Appellant contends that because the names of the additional jurors were not issued at least thirty days prior to trial, his right to investigate those jurors was denied. After careful review of the record, we agree with the trial court that appellant's right was not violated.

The Constitution of the Commonwealth of Pennsylvania guarantees that "[t]rial by jury shall be as heretofore, and the right thereof remain inviolate." Pa.Const. art. I, § 6. " '[I]t is well settled that the word 'inviolate,' as used in the constitutional provision quoted, means freedom from substantial impairment. It does not import rigidity of regulation in the manner of impaneling a jury.' " *Commonwealth*

---

1. The crime of escape is defined as follows:
   A person commits an offense if he unlawfully removes himself from official detention or fails to return following temporary leave granted for a specific purpose or limited period.
   18 Pa.C.S.A. § 5121(a).

2. Judge Salmon's sentencing order did not specify whether appellant's sentence is to be served concurrent with or consecutive to the sentence under which he is already incarcerated.

*v. Eckhart,* 430 Pa. 311, 314, 242 A.2d 271, 272–73 (1968) (quoting *Commonwealth v. Fugmann,* 330 Pa. 4, 28, 198 A. 99, 111 (1938)). *See Commonwealth v. Crowder,* 444 Pa. 489, 491, 282 A.2d 361, 363 (1971) (irregular method of conducting voir dire examination not substantial impairment of defendant's right to fair and impartial jury). In the instant case, there may have been a technical violation of 42 Pa.C.S.A. § 4524. However, as the trial court noted in its opinion, there is no evidence that appellant's right to a fair and impartial jury was impaired by the tardy addition of names. *See* Opinion, Salmon, J. at 2. Thus, we affirm for the reasons stated in the trial court opinion.

## II.

Appellant's last two contentions concern his defense of duress.[3] First, appellant contends that the trial court improperly excluded certain evidence offered to support his defense of duress. Second, appellant maintains that the trial judge did not accurately charge the jury on the duress defense.

## A.

With respect to the evidentiary claims, appellant argues that the court improperly excluded evidence that (1) appellant was present at an earlier escape and did not participate; and (2) another inmate was threatened with physical harm if that inmate did not agree to participate in the instant escape. The trial court ruled in both instances that the proffered evidence was irrelevant. N.T. August 24, 1989 at 8, 31. Appellant maintains that the evidence was relevant to the issue of whether he left the jail voluntarily.

---

3. The common law defense of duress is recognized in the Crimes Code, which provides, "[i]t is a defense that the actor engaged in the conduct charged to constitute an offense because he was coerced to do so by the use of, or a threat to use, unlawful force against his person or the person of another, which a person of reasonable firmness in his situation would have been unable to resist." 18 Pa.C.S.A. § 309(a).

Relevance questions are within the sound discretion of the trial judge, and rulings on the relevance of proffered evidence will not be reversed absent a clear abuse of discretion. *See Commonwealth v. Scott,* 469 Pa. 258, 270–71, 365 A.2d 140, 146 (1976) (admission of allegedly inflammatory and incompetent testimony upheld) (citations omitted); *see also Commonwealth v. Shain,* 324 Pa.Super. 456, 462, 471 A.2d 1246, 1248–49 (1984) (irrelevant facts may not be admitted); *Commonwealth v. Miller,* 268 Pa.Super. 123, 133, 407 A.2d 860, 866 (1979) (admission of allegedly irrelevant evidence upheld). "In order for evidence to be relevant, it must tend to establish some fact material to the case or tend to make the fact at issue more or less probable." *Commonwealth v. Haag,* 522 Pa. 388, 401, 562 A.2d 289, 296 (1989) (citing *Commonwealth v. Myers,* 439 Pa. 381, 266 A.2d 756 (1970)). However, even if proffered evidence has some tendency to prove a material fact, it will nonetheless be excluded if it comes within a rule making it inadmissible or if its probative value is outweighed by the danger of its confusing the jury or prejudicing the opposing party. *See generally* L. Packel & A. Poulin, *Pennsylvania Evidence,* § 402, at 126–28 (1987 & West Supp.1990). With these principles in mind, we turn to appellant's specific claims.

–1–

■ Appellant argues that the trial court incorrectly refused to allow him to cross-examine Mr. Dan McClenahan, the Deputy Sheriff of Lawrence County, regarding a previous escape at which appellant was present but in which he did not participate. Appellant stated his reasons for wanting to elicit the testimony at a sidebar conference:

Your Honor, I think this is clearly relevant. We're saying that on April 8th Mr. Brothers did not escape of his own volition. I would expect that Deputy McClenahan will testify that on or about February 16th, Mr. Brothers was in a vehicle where by one means or another the door became open, that there were three prisoners in there and that two of them left and that Mr. Brothers made no

attempt to leave. I think that would very directly, [sic] his having had an opportunity really to escape a few weeks before this incident happened, that would bear directly on whether or not he voluntarily escaped at the later date.

N.T. August 24, 1989 at 8–9. While a criminal defendant may offer testimony about his reputation as to the character traits relevant to the charge, *Commonwealth v. Luther*, 317 Pa.Super. 41, 49, 463 A.2d 1073, 1077 (1983) (citations omitted), evidence of specific acts or instances may not be offered to show that the defendant did not have the tendency to commit the particular crime. *Commonwealth v. Neely*, 372 Pa.Super. 519, 525, 539 A.2d 1317, 1320 (1988) (testimony of good character may be offered only with respect to defendant's reputation and may not refer to previous specific acts) (citing *Commonwealth v. Boone*, 467 Pa. 168, 354 A.2d 898 (1975)), *rev'd on other grounds*, 522 Pa. 236, 561 A.2d 1 (1989). Here, appellant was attempting to show that because he did not participate in a previous escape he did not voluntarily participate in the instant escape. We recognize that the existence of a previous opportunity to escape may have had *some tendency* to support appellant's defense of duress. Nevertheless, we cannot hold that it was a clear abuse of discretion to exclude the evidence because it also tended to show, improperly, that appellant lacked the propensity to escape merely because he did not participate in a previous escape.

–2–

■ Appellant also sought to introduce the testimony of a fellow inmate, Daniel Wilson. Wilson was to testify that he had been threatened with physical violence if he refused to participate in the instant escape. Appellant does not allege, nor is there any record evidence, that appellant was aware of the threats against Wilson at the time of the escape. Hence, we fail to see how this testimony was relevant to the issue of appellant's defense—it does not follow that appellant was threatened simply because another inmate, unbeknownst to appellant, also was threatened.

208

Accordingly, the trial court did not abuse its discretion in excluding Wilson's testimony.

### B.

█ Finally, appellant contends that the jury was improperly charged on the issue of duress. Appellant specifically objects to the court's instruction that "for duress to be a defense to the charge of escape ... [t]here either must be no time to complain to authorities or a history of futile complaints ... [a]nd the escapee must return to official detention as soon as possible after leaving the prison." N.T. August 24, 1989 at 56–57. We note initially that there can be no question that this charge is an accurate reflection of the law in Pennsylvania. In *Commonwealth v. Kaminski*, 349 Pa.Super. 78, 502 A.2d 1281 (1985), we held that defendant's claim of duress can be sustained only if four requirements are met:

> the escapee must be confronted with a specific threat of death or serious bodily injury; *there must either be no time to complain to authorities, or a history of futile complaints;* there must be no evidence of force by the escapee against prison personnel or others in the escape; and *the escapee must return to official detention as soon as possible after leaving the prison.*

*Id.,* 349 Pa.Superior Ct. at 87, 502 A.2d at 1285 (quoting *Commonwealth v. Brown*, 314 Pa.Super. 311, 460 A.2d 1155, (1983)) (emphasis added). *See also Commonwealth v. Slavik*, 297 Pa.Super. 135, 137, 443 A.2d 336, 337 (1982) (prisoner who was beaten and threatened by fellow inmate could not assert duress as defense to escape because he made no complaint to prison authorities or effort to return to custody as soon as possible). *See generally* 1 W. LaFave & A. Scott, Jr., *Substantive Criminal Law,* § 5.3, at 617 n. 25 (1986).

Appellant attempts to distinguish this line of cases on the ground that they involve "what is more properly regarded as the defense of necessity, rather than literal duress." Appellant's Brief at 5. Taken on its face, appellant's claim is meritless, because these cases clearly involved claims of

duress, not necessity. It appears that appellant is attempting to draw a factual distinction between those cases in which inmates escaped voluntarily, to get away from intolerable conditions, and appellant's own situation, where he maintains that he involuntarily escaped because he was threatened. We cannot agree that this distinction should change the result.

With respect to whether appellant must have first complained or have a history of futile complaints, there is some indication that if the threat is so imminent that one has no time to complain, the first requirement need not be met. Thus, in *Commonwealth v. Clark*, 287 Pa.Super. 13, 429 A.2d 695 (1981), we rejected a defense based on intolerable conditions, and observed that the defense of duress has been limited to the most extreme situations such as where:

> a prisoner [is] confronted with a choice between accompanying an escaping cell mate, or being seriously injured if he [chooses] to remain behind.... *In such a case, the usual sources of aid [i.e., resort to prison officials or to the courts via habeas corpus or the Federal Civil Rights Act] would not be immediately available,* and confronted with the choice between serious injury or escape, the defendant would properly be excused for choosing the latter course of action.

*Id.,* 287 Pa.Superior Ct. at 16–17, 429 A.2d at 697 (emphasis added). From this language it could be inferred that an inmate faced with an immediate threat that he must accompany the escapee or be seriously injured need not comply with the complaint requirement. However, this suggestion in *Clark* is of little help to appellant herein, for we do not have enough information to decide whether such an instruction was warranted in the instant case. Appellant does not allege in his brief that the threat was so immediate that he did not have time to complain to prison officials. Likewise, there is no evidence of imminence in the portion of the

official record that appellant has provided on appeal.[4] We note that it is the appellant's duty to provide a complete record that is sufficient to allow for an effective appellate review. *Commonwealth v. Williams*, 357 Pa.Super. 462, 466, 516 A.2d 352, 354 (1986). Accordingly, we must conclude that appellant's claim is meritless, because there is no evidence in the certified record to indicate that appellant was entitled to an instruction that immediacy of threat could excuse him from having to comply with the complaint requirement.

With respect to the second challenged portion of the instruction—that appellant must have re-entered custody as soon as the threat was removed—we conclude that it was proper. Appellant's attempt to distinguish his case from the cases on which the instruction is based is unpersuasive. Indeed, in *Commonwealth v. Stanley*, 265 Pa.Super. 194, 205–06, 401 A.2d 1166, 1172 (1979), *aff'd*, 498 Pa. 326, 446 A.2d 583 (1982), we cited with approval a case decided by the California District Court of Appeal that contained facts almost identical to those of the instant case. In *People v. Wester*, 237 Cal.App.2d 232, 46 Cal.Rptr. 699 (1965), the court held that a prisoner escaping against his will because of threats of physical violence by a fellow inmate must use reasonable efforts to re-enter custody as soon as possible. This conclusion is consistent with the policies underlying the requirement. Generally, the self-help remedy of escape is not favored, since the inmate is under lawful confinement and, thus, has no legal right to resort to self-help. *Commonwealth v. Stanley, supra.* Thus, where a defense to escape is allowed, the important interest in public safety must be properly balanced against the prisoner's need to resort to self-help by requiring that the escapee return to custody as soon as he is no longer under duress. *See People v. Lovercamp*, 43 Cal.App.3d 823, 118 Cal.Rptr. 110,

**4.** Appellant has failed to provide a complete record in that he only attached those portions that he deemed directly relevant to his appeal. For example, it appears from references that the trial judge made in the charge to the jury that appellant testified at trial. However, we do not have the transcript of his testimony because appellant did not include it.

112 (1974) (duress defense permitted where inmates escaped to avoid forcible sexual attack by fellow inmates; all four requirements met). Accordingly, the trial court did not err by instructing the jury that appellant must have promptly returned to prison.

For the forgoing reasons, we affirm the judgment of sentence. Judgment of sentence affirmed.