**Commonwealth v. Salgado**

C.P. of Lehigh County, No. CP-39-CR-1059-2014

*Jared J. Hanna*, for Commonwealth.
*Michael E. Brunnabend*, for defendant.

FORD, *J.*, Jan. 22, 2015—On October 7, 2014, a jury found defendant/appellant, Victor Salgado, guilty of escape, 18 Pa.C.S. § 5121(a), the only crime with which he was charged in the criminal information. On October 9, 2014, I sentenced appellant to state confinement for a

period of not less than fifteen months to not more than thirty-six months.

On October 20, 2014, appellant filed a post-sentence motion which I denied by order dated October 27, 2014. On November 26, 2014, appellant filed a timely notice of appeal. In response to an earlier order, appellant filed a "concise statement of matters complained on appeal" (concise statement) on December 22, 2014. Appellant raises two issues in the concise statement, both of which lack merit.

## Sufficiency of the Evidence

Appellant asserts that "[t]he Commonwealth failed to meet its burden of proof to disprove the [d]efendant's allegations of duress as a defense to the alleged criminal action and, as such, the verdict of the jury was not supported by sufficient evidence...." There was sufficient evidence to support the guilty verdict. The jury considered the defense of duress, but the jury rejected that defense.

What follows is the Superior Court's explanation of how to review an issue on the sufficiency of the evidence to sustain a guilty verdict.

In reviewing the sufficiency of the evidence, [the Superior Court] must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all the elements of the offenses beyond a reasonable doubt.

The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence, but the question of any doubt is for the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The proper application of this standard requires [the Superior Court] to evaluate the entire trial record, and all evidence actually received, in the aggregate and not as fragments isolated from the totality of the evidence. Our law is crystal clear that the trier of fact, in passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part, or none of the evidence presented. The Superior Court may not reweigh the evidence and substitute [its] judgment for that of the finder of fact. If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict.

*Commonwealth v. Hopkins*, 747 A.2d 910, 913-14 (Pa. Super. 2000) (citations omitted).

The Commonwealth charged appellant with escape. The crimes code definition of escape reads: "A person commits an offense if he unlawfully removes himself from official

detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period." 18 Pa.C.S. § 5121(a). The Commonwealth alleged that appellant was allowed to leave the Lehigh County Community Corrections Center (CCC), a work release facility, in order to conduct a job search and that appellant intentionally failed to return to the facility. What follows is a summary of the evidence of escape and appellant's claim of duress.

The parties presented the jury with a stipulation (Exhibit C-9) that appellant was lawfully incarcerated at the CCC on the date of the alleged escape. Timothy Carver, the warden of the CCC, testified that appellant was an inmate at CCC in January and February of 2014. He authenticated Commonwealth Exhibit C-8, appellant's CCC time card. According to the time card for February 18, 2014, appellant permissibly left the work release facility at 6:30 a.m. to engage in a job search. According to the warden, appellant had to return to CCC by no later than 12:30 p.m. that day. However, there was no return time recorded on the time card. Warden Carver confirmed that appellant failed to return to the facility.

Clifford Knappenberger, the internal affairs director for the Lehigh County Department of Corrections, testified that he was contacted by Warden Carver after appellant failed to return to CCC. Knappenberger then prepared a criminal complaint and arrest warrant for appellant which were signed by district judge Karen Devine.

The Commonwealth's final witness was Matthew Joseph, a deputy in the Lehigh County sheriff's department. Deputy Joseph testified that he received the arrest warrant for appellant. On March 3, 2014, deputy Joseph received a tip from a Lehigh County Jail official that appellant was at a blood clinic in Allentown. Deputy Joseph went to the clinic and took with him a photograph of the appellant. Appellant was not at the blood clinic. The deputy then began to search the area around the clinic and located appellant in the 1300 block of Wayne Street. Deputy Joseph approached appellant and asked for identification. Appellant gave it and was cooperative. He was taken into custody without incident.

Appellant took the stand in his own defense at trial. He did not contest that he consciously failed to return to CCC. However, he claimed that other inmates at the CCC were threatening violence against him so he left the facility to ensure his safety.

Appellant explained he was an inmate at the main Lehigh County Jail prior to being placed in CCC. He claimed that he was assaulted by several inmates at the jail on January 9, 2014. Appellant explained that he wrote to jail staff and expressed a desire to file a private criminal complaint against his attackers. On January 16, 2014, director Knappenberger responded to appellant's inquiry and provided him with the forms and directions needed to file a private criminal complaint. Appellant admitted that he never filed the complaint because he did not know the names of his attackers.

Appellant testified that he was transferred to CCC on January 28, 2014. Appellant stated that, on February 11, 2014, he was confronted by a group of inmates at CCC. Two in the group had box cutters. Some in the group told appellant to leave CCC or he would be attacked. Immediately after the confrontation, appellant filled out an unsigned request form about the threat and placed it under the door of his case manager. He also got a copy of the form to sergeant Douglas Moyer of CCC. Appellant did not reveal to his case manager or sergeant Moyer that he filled out the information on the form. The next day, according to appellant, he saw sergeant Moyer searching the lockers of the inmates who had confronted him. Appellant approached Moyer and told him to search inside a jacket in one of the lockers. Sergeant Moyer did so and he found box cutters there.

Appellant testified that, on February 18, 2014, he was scheduled to leave CCC for a job search. At 4:45 a.m. prior to his leaving CCC, appellant said he was confronted by two CCC inmates in a bathroom. The inmates told appellant that they knew that he was the person who had complained to CCC staff about the box cutters. According to appellant, they told him to leave the CCC or he would be attacked. Appellant testified that one of the inmates then punched him giving him a black eye. Appellant left CCC as scheduled without complaining to staff about the altercation. Appellant told the jury that he went to his sister's residence and decided not to return to CCC because he feared that his life was in danger.

The issue of whether appellant acted under duress was given to the jury for its consideration. Duress is a defense to escape if all of the following elements are present: (1) the defendant was confronted with an immediate threat of death or serious bodily injury; (2) the defendant either had no time to complain to authorities or had a history of making futile complaints; (3) the defendant did not use force against prison personnel or others during the escape; and (4) the defendant returned to official detention as soon as possible after attaining a position of safety from the immediate threat of harm. *Commonwealth v. Brothers*, 409 Pa. Super. 202, 208, 597 A.2d 1164, 1167 (1991) (citation omitted). *See also* 18 Pa.C.S. § 309(a) by which the common law defense of duress is recognized in our crimes code. As I explained to the jury, the Commonwealth bore the burden of disproving appellant's duress defense beyond a reasonable doubt. *See Commonwealth v. Kaminski*, 349 Pa. Super. 78, 88, 502 A.2d 1281, 1286 (1985); and *Commonwealth v. Brown*, 314 Pa. Super. 311, 321, 460 A.2d 1155, 1160 (1983).

In light of the evidence and the proper instructions on duress that I gave the jury, it is understandable that the jury rejected appellant's duress contentions. Appellant testified that he complained to CCC staff when he was threatened on February 11, 2014, and that the staff took steps to ensure his safety. Therefore, there was no evidence of a "history of futile complaints" to CCC staff. Further, when appellant was threatened on February 18, 2014, appellant could have complained to CCC staff. Instead, he opted to

leave the facility permanently. After appellant left CCC and gained a position of safety, he did not surrender to law enforcement officials. This is revealing of appellant's intentions because, in the past, the CCC staff had taken steps to assure a safe environment for appellant. At trial, appellant admitted that he had no intention of returning to official detention. Based on these undisputed points, there was sufficient evidence by which the jury could reasonably conclude, and obviously did conclude, that the Commonwealth disproved duress beyond a reasonable doubt. Further, there was sufficient evidence, which was undisputed, that appellant intentionally left official detention at CCC and that he made the decision not to return to that facility after his authority to be away ended. In other words, the record justifies the jury's guilty verdict on the escape charge.

## Weight of the Evidence

Appellant contends that "[t]he verdict of the jury was against the weight of the evidence based upon the defendant's allegation of duress." This contention is baseless.

"The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Begley*, 566 Pa. 239, 263, 780 A.2d 605, 619 (2001) (citation omitted). The jury's verdict may only be reversed "if it is so contrary to the evidence as to shock one's sense of justice." *Id.* (citation omitted). Where the

evidence is conflicting, the credibility of the witnesses is solely for the jury and if its finding is supported by the record, the trial court's denial of a motion for a new trial will not be disturbed on appeal. *Commonwealth v. Hayes*, 205 Pa. Super. 338, 344, 209 A.2d 38, 41 (1965).

All of the evidence in support of appellant's duress claim came from the testimony of appellant. The jury was free to disregard all of this evidence as unreliable. Appellant's duress claim failed even if the jury accepted all of appellant's testimony as credible. There was nothing about the jury's verdict which could shock a reasonable person's sense of justice. The challenge to the weight of the evidence has no merit.

* * * * *

For all of these reasons, there is no merit to the issues raised in this appeal. The appeal should be denied and the judgment of sentence affirmed.